# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CANDICE VERA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>STARBUCKS CORPORATION, a Foreign )<br>Corporation d/b/a STARBUCKS COFFEE )<br>COMPANY, )<br>)<br>Defendant. ) | Case No. CIV-10-1011-M |

## ORDER

Before the Court is Defendant's Special Appearance and Motion to Dismiss or Transfer to the Western District of Texas [docket no. 6], filed November 16, 2010. Plaintiff has filed no response. As this matter is ripe for adjudication, the Court makes its determination.

Plaintiff commenced this litigation as a result of an accident which occurred at a Starbucks store in Temple, Bell County, Texas.[1] She alleges she went to use the restroom and the toilet fell over causing her to fall and be injured. Plaintiff alleges that defendant is negligent in inspection, maintenance, or repair of the toilet and failed to warn of the purported hazard. Plaintiff claims to have incurred approximately $7,000 in medical expenses.

Despite the accident having occurred in Texas, plaintiff originally filed this action in the Oklahoma County District Court. Because this case involves a Texas accident, occurring on premises maintained in Texas, and Texas law must be applied, the Oklahoma County District Court dismissed this litigation under the doctrine of forum non conveniens. Plaintiff did not appeal this dismissal. Defendant now moves the Court to dismiss this case or transfer it to the United States

---

[1] In her previous Oklahoma state court Petition, plaintiff asserts that the accident occurred in Conroe, Texas; however, defendant asserts this is in error.

District Court for the Western District of Texas.

The Tenth Circuit recently observed:

> The law of the case doctrine provides when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case. The doctrine is based on sound public policy that litigation should come to an end and is designed to bring about a quick resolution of disputes by preventing continued re-argument of issues already decided and to discourage forum-shopping by litigants.

*Dobbs v. Anthem Blue Cross and Blue Shield*, 600 F.3d 1275, 1279-80 (10th Cir. 2010) (internal citations and quotations omitted). There are only three "exceptionally narrow" circumstances in which the law of the case doctrine does not apply: (1) when the evidence in a subsequent trial is substantially different; (2) when controlling authority has subsequently made a contrary decision of the law applicable to such issues; or (3) when the decision was clearly erroneous and would work a manifest injustice. *Id.* at 1281. None of these circumstances exists herein.

"Under the law of the case doctrine, '[a] legal decision made at one stage of litigation, unchallenged in a subsequent appeal when the opportunity to do so existed, becomes the law of the case for future stages of the same litigation, and the parties are deemed to have waived the right to challenge that decision at a later time.'" *Clark v. State Farm Mut. Auto. Ins. Co.*, 590 F.3d 1134, 1140 (10th Cir. 2009). Here, plaintiff's case was dismissed in state court under the doctrine of forum non conveniens. Plaintiff had thirty (30) days to appeal that decision by the District Court of Oklahoma County; however, she failed to do so. As such, the Court finds that Oklahoma, and particularly Oklahoma County, is not a convenient forum for this litigation is "the law of the case." The Court, therefore, finds that plaintiff's refiling of this litigation in a courthouse situated in Oklahoma, and particularly in Oklahoma County, is deemed improper.

Accordingly, the Court GRANTS the motion to dismiss and DISMISSES this case under "the law of the case" doctrine.

**IT IS SO ORDERED this 9th day of December, 2010.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE